UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEMMA AYVAZIAN,

    Plaintiff,

    v.

DOUGLAS A. COLLINS,

    Defendant.

Civil Action No. 24-2804 (JEB)

## MEMORANDUM OPINION

Plaintiff Jemma Ayvazian, a nurse at the Department of Veterans Affairs, brought this Title VII suit against Secretary of the Department Douglas A. Collins, alleging that she had faced: (1) workplace discrimination based on her race, sex, and national origin; (2) retaliation for reporting that discrimination; and (3) a hostile work environment based again on her protected characteristics. After finding each of her claims either unexhausted or meritless, the Court dismissed her suit for failure to state a claim. Ayvazian v. Collins, 2025 WL 1795037, at *1 (D.D.C. June 30, 2025). Plaintiff now moves for reconsideration under Federal Rule of Civil Procedure 59(e). The Court will deny the Motion.

**I.    Legal Standard**

Rule 59(e) permits the filing of a motion to alter or amend a judgment when such motion is filed within 28 days after the judgment's entry. The court applies a "stringent" standard when evaluating Rule 59(e) motions. Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "A Rule 59(e) motion is 'discretionary' and need not be granted unless the district court finds that there is an 'intervening

1

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Firestone, 76 F.3d at 1208 (quoting Nat'l Trust v. Dep't of State, 834 F. Supp. 453, 455 (D.D.C. 1993)); see also 11 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2810.1 at 158–62 (3d ed. 2016) (restating same basic grounds).

Rule 59(e), moreover, "is not a vehicle to present a new legal theory that was available prior to judgment," Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012), or "to relitigate old matters." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted). "The strictness with which [Rule 59(e)] motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of the parties and others to rely on the finality of judgments." Mohammadi v. Islamic Republic of Iran, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), aff'd, 782 F.3d 9 (D.C. Cir. 2015) (quoting CFTC v. McGraw-Hill Cos., 403 F. Supp. 2d 34, 36 (D.D.C. 2005)).

## II.     Analysis

The Court notes at the outset that Plaintiff's Motion is not grounded in any "intervening change of controlling law" or the "availability of new evidence." Firestone, 76 F.3d at 1208. Instead, she contends that the Court committed clear errors of law and fact in dismissing her case; in doing so, she retreads much of the same ground from her initial opposition to Defendant's motion to dismiss. See ECF No. 15 (Mot.) at 7–11. Addressing each of her contentions in turn, the Court finds that none of Plaintiff's arguments meets Rule 59(e)'s exacting standard for reconsideration.

A. Exhaustion

Plaintiff first argues that the Court erroneously dismissed her claims for failure to exhaust. See Mot. at 15–19. In general, a plaintiff seeking to sue under Title VII must first "exhaust" her administrative remedies by filing a complaint with the Equal Employment Opportunity Commission and then file a civil action within a certain period after the agency proceedings conclude. See 29 C.F.R. § 1614.407. The Court previously held that all claims arising from conduct detailed in Ayvazian's first EEOC complaint, filed on November 11, 2021, must be dismissed for failure to exhaust under these rules. Ayvazian, 2025 WL 1795037, at *8.

Plaintiff does not dispute that her first complaint was not properly exhausted. Still, she argues that her case "warranted [an] exception to the exhaustion rule," Mot. at 18, because she acted "in the best interest of judicial economy" by bringing a single action. See id. at 19. Plaintiff misunderstands the extent of the Court's discretion. Although exhaustion is not jurisdictional, it is still a "mandatory" requirement. Douglas v. Donovan, 559 F.3d 549, 556 n.4 (D.C. Cir. 2009). Absent waiver, estoppel, or equitable tolling, a court must dismiss an unexhausted claim. Colbert v. Potter, 471 F.3d 158, 167 (D.C. Cir. 2006). None of the circumstances here, including Plaintiff's interest in consolidating her litigation, falls within those exceptions to the exhaustion requirement. The Court thus cannot disturb its prior holding.

B. Discrimination, Hostile Work Environment, and Retaliation

Plaintiff next maintains that the Court applied an overly harsh pleading standard when it found that she had failed to state claims for discrimination, hostile work environment, and retaliation. See Mot. at 7–12. Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face[,]'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) — that is, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The court need not accept as true, however, "a legal conclusion couched as a factual allegation." Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Plaintiff first asserts that her pleadings sufficiently established Chien Chen as a comparator for her discrimination claim, and that the Court erred when it concluded otherwise. See Mot. at 12. As a threshold matter, she claims that the Court never should have reached the question in the first place because, in her view, comparator evidence is relevant only to pretext. Id. at 11–12. That is incorrect; comparator evidence can be used to assess a *prima facie* case of discrimination as well. Brown v. Sessoms, 774 F.3d 1016, 1022 (D.C. Cir. 2014). In fact, at the pleadings stage, a plaintiff "must allege some facts to ground a reasonable inference that [she] was in fact similarly situated to comparator employees." Owens v. Thompson, 2024 WL 1328461, at *2 (D.D.C. Mar. 28, 2024) (quotation marks and citations omitted).

Plaintiff next contends that Chen is an appropriate comparator, but, as the Court highlighted in its prior Opinion, her own theory of the case belies this point. According to Ayvazian, she was forced to hire Chen as her subordinate, see ECF No. 1 (Compl.), ¶ 71, and treat him "differently than other employees," id., ¶ 72, and eventually Chen took over her role as Director of Nursing Education after she was removed from her position. Id., ¶ 186. By Plaintiff's own account, at no point did the two of them ever share qualifications, job responsibilities, performance histories, or even the same supervisor. It is not enough for Plaintiff "to simply plead that a comparator is a co-worker without further allegations of similarity in job duties or . . . qualifications." Thompson, 2024 WL 1328461, at *2 (cleaned up). All told, the

4

Court declines to deviate from its prior conclusion that Chen was not an adequately pled comparator.

Ayvazian next argues that even without comparator evidence, she sufficiently alleged facts tying her mistreatment in the workplace to her protected characteristics. See Mot. at 8–9, 10. She did not. Despite submitting nearly three dozen pages of factual allegations, Plaintiff did not offer a single fact relating the mistreatment she allegedly suffered back to any of her protected characteristics. Insofar as her protected characteristics were ever mentioned, she did so in conclusory statements like, "The foregoing actions by Defendant constitute discrimination against Plaintiff because of her Race (Caucasian), National Origin (Armenian), and Sex (Female) in violation of Title VII." Compl., ¶ 332. Title VII does not prohibit freestanding mistreatment unrelated to the statute's protected classes. Stewart v. Evans, 275 F.3d 1126, 1133 (D.C. Cir. 2002). As the Court previously held, this deficiency is thus fatal for Plaintiff's discrimination and hostile-work-environment claims. She may not like the Court's conclusion, but "disagreeing with a court's answer to an argument is not a proper cause to pursue reconsideration." Talbot v. U.S. Dep't of State, 373 F. Supp. 3d 212, 220 (D.D.C. 2018).

Ayvazian also takes issue with the Court's finding that she did not sufficiently plead employer knowledge of her protected activity for her retaliation claim. See Mot. at 9–10. Even if she had adequately pled such knowledge, however, Plaintiff cannot get past the bar posed by her aforementioned failure to exhaust. At the heart of her retaliation claim is her September 2021 reassignment, which allegedly occurred a month after Ayvazian first complained to a supervisor about discrimination. That same reassignment was also the crux of Plaintiff's first EEOC complaint. See Compl., ¶ 13(a). As the Court explained in its prior Opinion, and reiterated above, any claims arising from conduct detailed in that complaint are barred by the

exhaustion requirement.  Plaintiff's September 2021 reassignment, whether cast as discrimination or retaliation, is simply not actionable here.  Her Motion for Reconsideration puts forth no reason to think otherwise.

    C.  Motion to Amend

Finally, Ayvazian asks that if the Court denies her Rule 59(e) Motion, it grant her leave to amend her complaint.  See Mot. at 20–21.  The Court, however, cannot reach the merits of Plaintiff's request because she never attached a copy of the proposed amended Complaint to her Motion as required by Local Civil Rule 7(i).  "This is no mere technical requirement, as neither the Court nor Defendants could know the basis or prospective merit of any [amended] claim without actually seeing it articulated."  Dun v. Transamerica Premier Life Ins. Co., 2020 WL 13610584, at *1 (D.D.C. Apr. 28, 2020).  Without a proposed amended Complaint, there is little the Court can do.

### III.  Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion for Reconsideration.  A separate Order so stating will issue this day.

                                          /s/ *James E. Boasberg*
                                          JAMES E. BOASBERG
                                          Chief Judge

Date: August 13, 2025